1  Darren K. Cottriel (State Bar Number 184731)
   dcottriel@jonesday.com
2  JONES DAY
   3161 Michelson Drive, Suite 800
3  Irvine, California  92612.4408
   Telephone:  (949) 851-3939
4  Facsimile:   (949) 553-7539

5  Attorneys for Defendant
   THE SHERWIN-WILLIAMS COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDI BAGLEY, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>Defendant. | Case No. 8:22-cv-02061<br><br>[Removal of Orange County Superior Court, Case No. 30-2022-01279963-CU-FR-CXC]<br><br>**THE SHERWIN-WILLIAMS COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[CAFA JURISDICTION]**<br><br>Complaint Filed:  September 9, 2022 |

**PLEASE TAKE NOTICE THAT** Defendant The Sherwin-Williams Company hereby removes the above-captioned action from the Superior Court of California, County of Orange to the United States District Court for the Central District of California, Southern Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[1]  The grounds for removal are set forth below:

## CLAIMS ASSERTED IN COMPLAINT

1. On September 9, 2022, Plaintiff Brandi Bagley ("Bagley" or "Plaintiff"), on behalf of herself and all others similarly situated, filed a Class Action Complaint in the Superior Court of California, County of Orange (the "State Court Action"), Case No. 30-2022-01279963-CU-FR-CXC.  Sherwin-Williams is the named Defendant in the State Court Action.  *See generally* Compl.

2. Plaintiff seeks to certify a California class and a nationwide class. Plaintiff defines the California class as:  "All persons in California who, within the applicable statute of limitations preceding the filing of this action, made a purchase at a Sherwin-Williams store and was charged a 4% 'Supply Chain Charge.'"  Compl. ¶ 45.  Similarly, Plaintiff defines the nationwide class as:  "All persons who, within the applicable statute of limitations preceding the filing of this action, made a purchase at a Sherwin-Williams store and was charged a 4% 'Supply Chain Charge.'" *Id.*

3. In the Complaint, Plaintiff asserts claims for: (1) violation of California's Unfair Competition Law, Cal Bus. & Prof. Code § 17200, *et seq.*; (2) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et. seq.*; (3) breach of contract; and (4) unjust enrichment. *Id.* ¶¶ 55–86.

/ / /

---

[1] Sherwin-Williams reserves the right to raise a personal jurisdiction defense by motion. *See Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) (A defendant's election to remove a case to federal court does not waive a personal jurisdiction defense." (citing *Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299 (9th Cir. 1986)).

4. Plaintiff seeks declaratory and injunctive relief, restitution, compensatory damages, punitive damages, attorneys' fees and costs, and pre-judgment interest. *See generally id.*

## COMPLIANCE WITH STATUTORY REQUIREMENTS

5. The Complaint in the State Court Action was filed with the Clerk of the Superior Court of California, County of Orange on September 9, 2022.

6. On October 11, 2022, Sherwin-Williams signed and returned a Notice and Acknowledgement of the Complaint.

7. This Notice of Removal is being filed with this Court within 30 days after Sherwin-Williams accepted service of Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based. *See* 15 U.S.C. § 1446(b)(1) (providing for removal "30 days after the receipt by the defendant . . . of a copy of the initial pleading").

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders entered in the State Court Action is attached hereto as **Exhibit A.**

9. Promptly after the filing of this Notice of Removal, Sherwin-Williams will provide written notice of removal of this action to Plaintiff through her attorneys of record in the State Court Action, and will file a copy of this Notice of Removal and all other necessary documents with the Clerk of the Superior Court of California, County of Orange in the State Court Action, as required by 28 U.S.C. § 1446(d). A copy of Defendants' Notice to State Court and Adverse Party of Removal from State Court to the United States District Court of the Central District of California (without exhibits) is attached to this Notice of Removal as **Exhibit B**.

## VENUE AND INTRADISTRICT ASSIGNMENT

10. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because the Complaint was filed in this District. Pursuant to 28 U.S.C. § 1441(a), this case may properly be

removed to the Central District of California, Southern Division, because Plaintiff filed this case in the Superior Court of California, County of Orange.

## JURISDICTION: CAFA JURISDICTION

11. This Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA")). Federal courts have original diversity jurisdiction over a class action whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant"; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) "the number of members of all proposed plaintiff classes in the aggregate is" 100 or more. 28 U.S.C. § 1332(d)(2), (d)(5)(B). This is a putative class action. *E.g.*, Compl. ¶¶ 45–54. As set forth below, all additional requirements to establish jurisdiction pursuant to CAFA are satisfied in this case.

**I.     PLAINTIFF AND DEFENDANT ARE CITIZENS OF DIFFERENT STATES**

12. In this matter, diversity of citizenship exists because Plaintiff and Sherwin-Williams are citizens of different states. *See* 28 U.S.C. § 1332(d)(2).

13. Brandi Bagley, the named Plaintiff, alleges in the Complaint that she is a citizen of the State of California and resides in Newport Beach, California. Compl. ¶ 11.

14. Sherwin-Williams is incorporated in Ohio with its principal place of business in Cleveland, Ohio. *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding that a corporation is "deemed to be a citizen of any State [] by which it has been incorporated and of the State [] where it has its principal place of business." (quoting 28 U.S.C. §1332(c)(1))). Thus, Sherwin-Williams is a citizen of Ohio for diversity-jurisdiction purposes.

/ / /

## II. THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

15. Though Sherwin-Williams concedes neither liability on Plaintiff's claims nor the propriety or breadth of any class as alleged by Plaintiff, the Complaint places in controversy a sum greater than $5,000,000. *See generally* Compl.; 28 U.S.C. § 1332(d).[2]

16. Beginning in September 2021, and effective through December 31, 2021, Sherwin-Williams added a limited-time 4% supply-chain surcharge to the price of certain products. Declaration of Ed Thompson ("Thompson Decl.") ¶ 4.

17. The limited-time surcharge was subsequently extended through the end of January 2022, but is no longer in effect. *Id.* ¶ 5.

18. As detailed in Ed Thompson's declaration, Senior Vice President for Sherwin-Williams, from September 2021 to January 2022, the revenue from the limited-time 4% supply-chain surcharge exceeded $5,000,000 on a nationwide basis. *Id.* ¶ 6.

19. In addition, Plaintiff seeks recovery of attorneys' fees and costs in this putative class action, which amounts are also included in the amount in controversy for purposes of CAFA jurisdiction.[3]

20. Thus, this dispute exceeds the minimum amount-in-controversy requirement for jurisdiction pursuant to CAFA.

/ / /

/ / /

---

[2] In alleging the amount in controversy for purposes of removal, Sherwin-Williams does not concede or acknowledge in any way that the allegations in Plaintiff's Complaint are accurate or that either Plaintiff or any proposed class member is entitled to any amount under any claim or cause of action. Nor does Sherwin-Williams concede or acknowledge that any class may be certified, whether as alleged or otherwise, or that any or all of its current or former employees are entitled to any recovery in this case, or are appropriately included in the putative class.

[3] Sherwin-Williams does not concede or acknowledge in any way that Plaintiff or any proposed class member is entitled to recovery of any fees and costs in this case.

## III. PLAINTIFF ALLEGES A PROPOSED CLASS THAT EXCEEDS 100 MEMBERS

21. The number of putative class members in the aggregate well exceeds 100. 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges in her Complaint that, "due to the nature of the trade and commerce involved, Plaintiff believes that the Class members are well into the thousands[.]" Compl. ¶ 47. This includes all persons who, from September 2021 to January 2022, made a purchase at a Sherwin-Williams store and was charged the limited-time 4% supply-chain surcharge. *Id.* ¶ 45; *see also* Thompson Decl. ¶¶ 5–6. This requirement is therefore satisfied.

WHEREFORE, the above-titled action is hereby removed to this Court from the Superior Court of California, County of Orange.

Dated: November 10, 2022

Respectfully submitted,

JONES DAY

By: */s/ Darren K. Cottriel*
Darren K. Cottriel

Attorneys for Defendant
THE SHERWIN-WILLIAMS COMPANY